The last case this morning is GRIDLOCK v. HHS Good morning, your honors. May it please the court, the petitioner in this case timely filed a properly filed petition pursuant to Section 16E3 of the Vaccine Act. Because the petition is properly filed, the petitioner is entitled to all of the benefits of compensation pursuant to Section 15A of the Act. But you've still got the statute of limitations problem, don't you? Well, the petitioner would agree that the plain language of Section 15A1B, the provision governing past unreimbursed medical expenses, is subject to a three-year statute of limitations. However, it was clear error for the Special Master and Judge Hodges to take that limiting three-year provision and insert it into the remaining subsections of Section 15A. And those provisions where the limiting language does not appear are for future medical needs, lost wages, and pain and suffering. As such, there's a statutory ambiguity within subsection 15A that this court must resolve in light of the court's prior decision in statutory and also in light of the congressional intent of the Act. Well, whatever the possible ambiguities that I would expect of 15, why doesn't 16A2, why isn't that overriding? Why doesn't 16A2 override the other... No petition may be filed, blah, blah, blah, for such injury beyond 36 months. That limiting language appears only in one section of Section 15A. What's wrong with that? I mean, it's pretty clear, though. Well, the court institution made no requirement that a properly filed petition had to be filed within 36 months of the Act in order to be entitled to compensation under 15A. The petition was dictum with respect to the relationship between 15 and 16 because the statute of limitations was met there, right? It was, Your Honor. It was met in that case. So that doesn't raise the issue we have here. Because at the very least, if you properly file a timely petition in this program, which the petitioner did under Section 16A3, arguably he is entitled to damages. But that's for death. That's for death. That provision does... That's correct. The court institution, however, also noted that the different statute of limitations within the Vaccine Act spoke more to different interpretations of causation standards. And so, I would argue that since we've properly filed a petition under 16A3, the court institution made You properly filed it with respect to death benefits, but not injury benefits. That's correct. You just conceded your case. No. No, what I'm trying to explain is that under 16A3, it says that no petition, no petition, and I'm sorry, I need to look at my exact language. If a death occurred as a result of administration of vaccine, no petition can be filed after the expiration of two years from the date of death, or four years within the date of the onset of injury. It was properly filed... We have one claim under two statutes, one relating to death and one relating to injury. I'm sorry? There are two separate provisions. There are two separate provisions. A2 is death, and that's not So, why aren't those independent? Again, the court institution indicated that those two provisions were more reflective in the legislative history of different causation standards in the program. So, clearly, Congress intended that there were going to be certain cases where if you filed with, within two years of date of death, for a death that was related to a vaccine injury, and within four years of the date of the onset of the first symptom, there were going to be petitioners that could still receive compensation and timely file under this Act. Because the petitioner in this case is properly filed under that, under 16A3, he's entitled to compensation under 15A. Again, the plain language of 15A1B, the governance passed on reimbursed medical expenses, is subject to section 16A2. That's the plain language of that. However, when you look at the section as a whole, that language doesn't appear in pain and suffering. It doesn't appear in lost wages, which are not at issue in this case, and it doesn't appear in future medical needs. Again, not at issue in this case. However, because that section is ambiguous, the court can't write into the other remaining subsections of section 15A language that isn't there. It's not consistent with the plain meaning of the statute. So, the petitioner would argue that you would need to look to the congressional intent of this Act, which is a generous form for petitioners. You know, it's generous in... Mr. Shano, you make that argument. You say at page 29 of the blue brief, if meritorious cases are to stay within the program, then the program, and then you have emphasized, must be at least as generous as the outside civil system. It seeks to replace the Congress Institute of the Vaccine Program, because of undesirable results in the civil litigation in tort actions. What in the history, in the program itself, says that it's supposed to be more generous than the civil tort system? Nothing says that it has to be more generous, but it says it should be generous. Sure it's generous. It waives a whole bunch of defenses that were raised in the civil tort system. But the intent of the program is to obviously compensate those injured by vaccines, but also to shield vaccine manufacturers from liability. So, in order to provide a forum where petitioners will want to resolve their claims, you need to make sure that they are adequately compensated for, you know, pain and suffering, basically their living benefits, that would otherwise be compensated in the state tort civil arena. Arguably, Your Honors, if the court were to deny this estate and only allow her estate to recover for the death benefit, it can prevent, it's going to cause an unfair and absurd result for other petitioners. Have this particular petitioner... You mean they have to watch the statute of limitations and file on time? No, because I believe the petitioner in this case has filed on time. There's a reason that in 16A3, you have to file not only within the two years of date of death, but four years within the date of the onset of symptoms. That's one year longer than what's in 16A3. So clearly Congress intended that there were going to be a category of petitioners... For death benefits. Why is it 36 months enough for the rather difficult to prove and conceive of other pain and suffering type damages? Why is it 36 months enough? Because Congress wrote into 16A3 that inappropriate cases four years from the date of the... More death benefits. It's quite clear. There's a distinction. But once, and again, as the Tushne Court stated, if you properly file a petition, that subsection, 15A, provides compensation for injury and for death. It's not exclusive. Death and injury in that section are not exclusive of each other. They're inclusive. And if you meet the requirements of A3, you should be entitled to the other benefits of section 15A. And again, I just need to stress that the plain language in subsection A3 for lost wages and A4 for pain and suffering don't include the limiting language of 16A2, and Congress must have intended that not to be there for a reason. If there's no further questions, I'd like to... Thank you, Ms. Machado. Mr. Johnson. Good morning, Your Honor. Samanth Palouse of the Court. I'd like to begin by responding to the argument that the appellant put forward focusing on plain language of section 15 in the Act, and I'm sure that appellant would like to focus on that language because that's the language that's most helpful to them. But the basis for the Special Master's decision and the Court of Federal Claims' decision was the plain language of 16A, and specifically 16A2 and 16A3. Both of those provisions specifically focus on the time for filing for compensation for either an injury or for a death. And the plain language of 16A, both the Special Master and the Court of Federal Claims found, requires a petition seeking both injury compensation and death compensation to satisfy both timelines. Now, 1B says subject to 300 AA 16A2. It doesn't have that subject to language with respect to 4. That's correct. And when the parties were briefing the issue and when the Special Master was deciding the issue, we all examined the legislative history to determine if we could know why Congress chose to include that reference to 16A2 in that provision, but not in the other provisions of section 15. There really just was nothing in the legislative history that conclusively answered that question. But at the end of the day, the Special Master found and the Court of Federal Claims agreed that that ambiguity really didn't make a difference because the language of section 16A2 and 16A3 was plain on its face. And just applying section 16 resolved the statute of limitations issue. But you say the subject to language of 1B was in contradistinction to 1A, where it doesn't appear. They were dealing with the same things. Unreimbursable expenses forward where they didn't need subject to and backwards where there was good reason for it. That could be a plausible interpretation. The way the government interpreted that reference is that it was just further evidence that Congress intended for certain types of compensation to be available in claims filed under section 16A2 and then only the death benefit to be available in cases filed under section 16A3. Is it foreclosed to us to deal with whether 2 and 4 can both be applied? 2 and 4 under 15? 3 for death benefit and 4 for an injury benefit. In other words, can we hold that they've already got a death benefit of 250 and therefore they're not entitled for an injury benefit up to 250 under 4? The government has always viewed those as being essentially co-extensive. That the $250,000 death benefit was the benefit that was to be awarded in cases filed under section 16A3. I didn't understand your answer. The government has always viewed what with respect to 2 and 4? Prior to Ztuchny, the government had always viewed the $250,000 death benefit as the only compensation that was available in a case filed under section 16A3. Post Ztuchny, I think that question is unresolved, even though the majority of Ztuchny also obviously voiced their opinion on that issue by indicating that they would find that a petition filed under section 16A3 could seek both the death benefit and the other damages that are available under section 15. Was that Ztuchny? We would argue, Your Honor, that it was Ztuchny. Those were not the facts before the court in Ztuchny. Those are the facts that are presented here. The court has long recognized that a cardinal principle of statutory interpretation is that a statute should be interpreted to avoid absurd results. We have an absurd result that arises under the facts of this case in that if you are going to find, as the appellant argues, that a petition filed under section 16A3 can be timely for purposes of both the injury and the death, then that petition will always have to be filed within 36 months of the onset of the injury to be timely under the plain language of section 16A2. That would render the 48-month period that's articulated in section 16A3 superfluous and meaningless. So you're saying whatever the relationship in 15 between 2 and 4, 16A2 governs? Yes, Your Honor. We would argue that in a case such as this one in which... Just because it's more specific, what's your reasoning? The reasoning is that to find otherwise, to find that the estate of a person who's died of a vaccine-related injury can file a petition under section 16A3 and not have to comply with the limitation period set out for injury compensation as 16A2 is contrary to the plain meaning of section 16A and results in an absurd situation such as the one we have here. But the tuchni tells us we're not separating these out. We're considering them as a single claim that can extend both benefits. That is what the court... If we look at it from that perspective, then we reach a different result. What we are asking the court to do today is to limit the tuchni to its facts because when the tuchni, as we see in this case, is extended beyond the facts of that case, it leads to absurd results. You made this argument in the standing section of your brief. Yes, Your Honor, and we believe that the issues are interrelated, that the fact that the statute of limitations, the application of the statute of limitations to the facts of this case bars appellant, plainly bars appellant from seeking compensation for the injury because it was not timely for the injury. You're also arguing that the representative of the estate has no standing to be here at all, aren't you? Yes, Your Honor, we are arguing that. For the court to hold that, the court would need to limit the tuchni to a specific factual scenario in which a petition was timely filed by an injured party, the person died during the pendency of the claim, and then the estate substituted in as the petitioner. Because under those facts, the petition, if you look at 11B1A, who defines who may file a petition, the injured person clearly was a person who may file a petition when that petition was filed. And then once that petitioner died, the decedent died, the estate then became a person who may file a petition. The majority institution raised some concerns about this under the single petition rule and why the substitution of the estate in that scenario made sense because then you wouldn't violate the single petition rule. We think that there's an argument to be made that those facts are sufficiently distinguishable from the situation we have here where the petition was filed in the first instance by the estate following the death,  as well as the other kind of anomalous result that was unresolved by the tuchni and that was raised by Judge Dyke in his dissent, in the sense that the tuchni essentially creates two classes of estates. You have the class of estate in which the person died of a vaccine-related injury and under the tuchni dicta, that estate would be eligible to seek compensation for the person's vaccine-related injury, but under a plain reading of Section 11B1A, if the person did not die of a vaccine-related injury, the estate would have no standing to file any kind of petition for compensation for the person's injury. That seems absurd that you would have those two classes of estates treated unequally and that's why the government believes that the more logical interpretation is that Congress did not intend for an estate of a person who died, that suffered a vaccine-related injury and later died, to have standing to file for the injury regardless of whether the death was vaccine-related. The estates would only have a claim if the death in fact was vaccine-related and in our view that treats both classes of estates equally and why that's a more logical interpretation under the Act. I would like to respond briefly to petitioner's or appellant's argument that if a petition is filed under Section 16A3, it may receive any type of compensation that's allowed under the Act. As we've already discussed, the one problem with that argument is that it conflicts with the plain language of Section 16A2 and essentially renders the 36-month time period and that provision meaningless. The argument also conflicts with the doctrine of sovereign immunity as this Court has held numerous times and the tuition itself as well as in Wilkerson, Markovich, Bryce, Martin, and most recently in the Ambach decision in Clore. The Vaccine Act represents a waiver of sovereign immunity and it's well settled that when Congress establishes a limited waiver of sovereign immunity, the statute is to be strictly construed in favor of immunity. The government's interpretation of Section 16A and its application in this case is a plausible interpretation. In fact, we argue that it's based on the plain language of the provisions, but to the extent that there's any ambiguity in that, it should be interpreted narrowly in favor of plausible in terms of sovereign immunity. And unless the Court has any additional questions, we would ask that the Court to affirm the decisions below. Thank you, Mr. Johnson. Thank you, Ms. Bertano. Your Honor, I just want to point on the standing argument that the government has raised in their brief and discussed today. The Tuccine did resolve the standing argument already. Particularly, it's worth noting that the government in their brief actually concedes that the Tuccine appears to answer the standing question in the petitioner's favor in this case. Secondly, I'd like to point out again how Section 15A is ambiguous. Particularly because the language in Section 15A.2 governing pass and reimburse medical expenses, yes, it states that it's subject to three years statute of limitations. However, an argument can also be made that if you file a properly filed petition under 16A.3, perhaps the limiting language of 16A.2 and pass unreimbursed medical expenses doesn't apply then to this case at all because we are dealing under Section 16A.3. Isn't this, as Mr. Johnson said, a case that's distinguishable from the Tuccine? We don't really have survivorship of a claim here. A claim is filed initially. That's a very different circumstance, isn't it? When it's filed initially, we can view it as appearing under either the death benefit or the injury benefit sections, can't we? No, the court in the Tuccine, Your Honor, made it clear that you aren't to view Section 15A as providing separate compensation for vaccine or for death. They did view them as not being exclusive of each other since the opening language of Section 15A that says compensation shall include the following and lists the death benefit along with arguably the living benefits of pain and suffering and lost wages. And then finally, just to address the government's argument regarding sovereign immunity, we would agree that there are cases that this court has stated in Markovich and Bryce that the statute of limitation is a condition on the waiver of sovereign immunity to be strictly construed. However, in this case, because the petitioner has satisfied Section 16A.3, there's no dispute by either party that the petitioner has met the statute of limitations under that provision. And actually, most recently in this court's decision in Clower in April of 2012, dealing with attorney's fees and costs, the court stated that the Vaccine Act was remedial legislation that should be construed in a manner that effectuates its underlying spirit and purposes. And the spirit and purpose of the Vaccine Act is to provide a generous forum for petitioners to discourage them from going to the civil arena and thereby shielding vaccine manufacturers from tort claims. If there's no further questions. Thank you very much. Thank you. All rise.